Hussain v. Bondi

BIA
Reid, IJ
A246 913 619/620/621

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of June, two thousand twenty-five.

PRESENT:
> RICHARD C. WESLEY,
> MICHAEL H. PARK,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

MNOWAR HUSSAIN, MST FARHANA
AKTHER, A.S.,
> *Petitioners,*

v.                                                    **24-1812**
                                                      **NAC**

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.**

_____

\* The Clerk of Court is respectfully directed to amend the caption, including to abbreviate the minor petitioner's name, as set forth above.

_____

FOR PETITIONERS:         Xiaotao Wang, Law Office of Xiaotao Wang, P.C., New York, NY.

FOR RESPONDENT:        Yaakov M. Roth, Acting Assistant Attorney General; Vanessa M. Otero, Senior Litigation Counsel; Duncan T. Fulton, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioners Mnowar Hussain, Mst Farhana Akther, and their minor daughter, natives and citizens of Bangladesh, seek review of a June 6, 2024 decision of the BIA affirming a September 11, 2023 decision of an Immigration Judge ("IJ") denying Hussain's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mnowar Hussain, et al.*, Nos. A 246 913 619/620/621 (B.I.A. June 6, 2024), *aff'g* Nos. A 246 913 619/620/621 (Immigr. Ct. N.Y.C. Sept. 11, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review questions of law de novo and factual findings, including adverse credibility determinations, for substantial evidence. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."

3

*Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

As an initial matter, Hussain has abandoned any challenge to the agency's reliance on inconsistencies regarding the name of the person who helped him after a December 2021 attack and which attack involved a knife by not addressing these findings in his brief. "We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (quotation marks omitted). Although Hussain asserted before the BIA and in his brief here that he is presenting new evidence to the BIA that would resolve these inconsistencies, he has not presented such evidence or filed a motion. Regardless, our review is limited to the administrative record. *See* 8 U.S.C. § 1252(b)(4)(A) (providing that "the court of appeals shall decide the petition only on the administrative record on which the order of removal is based").

In any event, substantial evidence supports the agency's determination that Hussain did not credibly claim that members of the Awami League ("AL") attacked him multiple times due to his membership in the Liberal Democratic Party ("LDP"). First, the agency reasonably rejected Hussain's explanation that

4

he did not know the real name of his friend who helped him after the December 2021 attack, particularly because that friend's affidavit stated that he and Hussain had known each other "for a long time." Certified Admin. Record at 541-43. Second, Hussain's wife stated that he was attacked with a knife during a June 2022 attack, which contradicted Hussain's statement and supporting evidence that the knife was used in an October 2022 attack. Neither Hussain nor his wife offered any explanation for this inconsistency. Third, Hussain testified that his left knee was injured in the attack and produced a photograph purporting to show a scar on his left knee, but his and his father's written statements and his hospital records indicated that this injury was to his right knee. The agency was not compelled to credit Hussain's conflicting explanations that the written statements were mistaken, that both knees sustained injuries, and that his "mind [wa]s not functioning well" and he was not "able to comprehend everything properly." *Id.* at 174; *see Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (cleaned up)); *see also Biao Yang v. Gonzales*, 496 F.3d 268, 272 (2d Cir. 2007) (upholding adverse credibility determination when applicant

5

"appeared to be simply making up testimony when confronted by inconsistencies" (quotation marks omitted)). And contrary to Hussain's explanation, there is no evidence that both knees were injured. Certified Admin. Record at 472 (hospital records identifying a "[l]aceration on the right knee").

The agency's adverse credibility determination is bolstered by the lack of reliable corroboration. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang*, 496 F.3d at 273. The agency reasonably gave minimal weight to affidavits from Hussain's family members, neighbors, business associates, and friends. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."); *see also Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (finding that "the IJ acted within her discretion" in giving "little weight" to affidavits from "interested parties" who were not "available for cross-examination"). Moreover, as the agency pointed out, the hospital records were "highly suspicious" because records that were purportedly from different hospitals contained the same errors: they listed the name of the hospital where the

6

diagnosis should be and gave identical discharge instructions with the same typos. Certified Admin. Record at 69; *cf. Mei Chai Ye v. U.S. Dep't of Just.*, 489 F.3d 517, 524 (2d Cir. 2007) (noting that we have "firmly embraced the commonsensical notion that striking similarities between affidavits are an indication that the statements are 'canned'").

In sum, given the multiple inconsistencies about the incidents of harm that form the basis of the claim and the absence of reliable corroboration, substantial evidence supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao*, 968 F.3d at 145 n.8 ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273. This adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because these forms of relief are based on the same factual predicate—Hussain's alleged attacks by AL members because of his LDP activities. *See Hong Fei Gao*, 891 F.3d at 76; *see also Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may . . . infect the balance of the alien's uncorroborated or unauthenticated evidence."). Thus, we do not reach

7

Hussain's remaining arguments. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court